# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PAUL FARIS, | |
| Plaintiffs, | Case No.: |
| v. | |
| FOND DU LAC SCHOOL DISTRICT and ABC INSURANCE COMPANY, | Jury Trial Demanded |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff Paul Faris, by his attorneys, Cade Law Group, LLC, and as for his Complaint against Defendant Fond du Lac School District and ABC Insurance Company (collectively "Defendant", unless otherwise noted) alleges and shows to the Court as follows:

### INTRODUCTION

1. This is an action under the American with Disabilities Act, 42 U.S.C. §12101, as amended by the American with Disabilities Act Amendments Act of 2008 (the "ADA") to correct unlawful employment practices on the basis of an actual and/or perceived disability undertaken by Defendant, and to provide appropriate relief to Plaintiff Paul Faris on this basis.

2. The ADA, as amended, also bars retaliation against employees who seek to correct unlawful employment practices on the basis of an actual and/or perceived disability. This action seeks to provide appropriate relief to Plaintiff Paul Faris on this basis.

3. As alleged with greater particularity below, Defendant Fond du Lac School District engaged in unlawful employment discrimination against Plaintiff Paul Faris on the basis of his actual and/or perceived disability, and/or retaliated against him under the ADA.

4. This is also an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f) (1) and (3), as amended by Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of age undertaken by Defendant, and to provide appropriate relief to Plaintiff Paul Faris on this basis.

5. Title VII, as amended, also bars retaliation against employees who seek to correct unlawful employment practices on the basis of age. This action seeks to provide appropriate relief to Plaintiff Paul Faris on this basis.

6. As alleged with greater particularity below, Defendant Fond du Lac School District engaged in unlawful employment discrimination against Plaintiff Paul Faris on the basis of his age, and/or retaliated against him under Title VII.

## JURISDICTION

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and Title I of the American with Disabilities Act, 42 U.S.C. §12101; and Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f) (1) and (3).

8. Plaintiff Paul Faris has complied with all jurisdictional prerequisites and conditions precedent to action under the American with Disabilities Act and Title VII of the

Civil Rights Act of 1964, by timely filing a charge of discrimination with the Equal Employment Opportunity Commission on October 15, 2020. *See* **Exhibit A**.

9. Plaintiff Paul Faris received a notice of right to sue from the Equal Employment Opportunity Commission on January 25, 2021. *See* **Exhibit B.**

10. This Court has supplemental jurisdiction over any other claims Plaintiff could make, pursuant to 28 U.S.C. §1367, because they would form part of the same case or controversy as the aforementioned claims.

11. Venue in this judicial district is proper, by virtue of 28 U.S.C. §1391, as Plaintiff Paul Faris worked for Defendant Fond du Lac School District in Fond du Lac, Wisconsin, which is in the Eastern District of Wisconsin, and all claims arose in this District.

**PARTIES**

12. Plaintiff Paul Faris is an adult male citizen of the State of Wisconsin and resides in Fond du Lac County, Wisconsin, which is in the Eastern District of Wisconsin. Plaintiff Paul Faris is a former employee of Defendant Fond du Lac School District who was initially hired as a Custodial/Maintenance Employee on April 18, 2019. Plaintiff Paul Faris is sixty-one (61) years old.

13. Defendant Fond du Lac School District is an independent local governmental unit under a grant of authority and within geographic limits created by Wisconsin State law, which is responsible for the operation of public schools in the City of Fond du Lac, Wisconsin. It is governed by a locally-elected School Board. Its Interim Superintendent is Sharon Simon. Fond du Lac School District serves over 7,000 students, has well over 100 staff and faculty members, and is comprised of ten elementary schools,

four intermediate school, one high school, and one alternative high school for at-risk students. Fond du Lac School District's business address is 72 West 9th Street, Fond du Lac, WI 54935.

14. Defendant ABC Insurance Company is believed to be, and is believed to have been at all material times, an insurance company that had in place a policy or policies which insured, totally or partially, Defendant Fond du Lac School District for any or all liability for their actions against Plaintiff Paul Faris.

**FACTS**

15. Plaintiff Paul Faris started working with the Fond du Lac School District on April 8, 2019 as a Custodial/Maintenance Employee. He later worked with the Fond du Lac School District as a Plumber.

16. Throughout his tenure working with the Fond du Lac School District, Plaintiff Paul Faris performed his work duties in accordance with Defendant Fond du Lac School District's reasonable expectations of performance, quality, and conduct.

17. For over seven years – including the entirety of his tenure with the Fond du Lac School District - Plaintiff Paul Faris has been taking a medication for his arthritis condition, which was prescribed by his physician. This medication ameliorates the symptoms of Plaintiff Paul Faris' arthritis and allows him to work.

18. On December 23, 2019, Plaintiff Paul Faris was falsely accused by the Human Resources Manager Sharon Simon, who is younger than Plaintiff Paul Faris, of stealing a unit of water softener. This accusation was unfounded, and motivated by Plaintiff Paul Faris' age, and by the Fond du Lac School District's desire to have younger

employees. As a matter of fact, Plaintiff Paul Faris did not steal the water softener bottle in question.

19. On June 19, 2020, Plaintiff Paul Faris suffered a work-related accident, when a sewer machine that was calibrated too tightly struck him. This was Plaintiff Paul Faris' first work-related accident in his entire tenure with the Fond du Lac School District. The accident had nothing to do with the medication Plaintiff Paul Faris takes for his arthritis. Plaintiff Paul Faris has worked as freelance plumber for seven years while taking this medication, and had never had an accident. Additionally, Plaintiff Paul Faris drives a motor vehicle every day, and has never had an accident while driving.

20. As a result of this accident, the Fond du Lac School District had Plaintiff Paul Faris submit to drug testing, and he tested positive for opiates because of his arthritis medication. The Fond du Lac School District had never previously asked Plaintiff Paul Faris if he took this, or any, medication. At the time of this drug test, Plaintiff Paul Faris did not know that his arthritis medication qualified as an opiate. His doctor had not told him it did, nor had ever advised him to not work or drive a car while taking this medication.

21. Without the medication, Plaintiff Paul Faris' arthritis condition would make it very difficult for him to work and carry out other everyday activities. As mentioned, the medication in question never hindered Plaintiff Paul Faris' ability to perform his job, which he had done accident-free since he started taking the medication.

22. As a result of the drug test, Plaintiff Paul Faris was suspended without pay by interim Human Resources Stacey Buchholz, who is younger than him. Because he was not being paid by the Fond du Lac School District, Plaintiff Paul Faris had to continue working on the side as a plumber, which made it difficult for him to schedule and appear

5

Case 2:21-cv-00126-LA   Filed 01/29/21   Page 5 of 11   Document 1

at meetings with the Fond du Lac School District and discuss the work-related accident and the medication he was taking. Eventually, however, Plaintiff Paul Faris did meet with the Fond du Lac School District. During these meetings, Plaintiff Paul Faris tried to talk to the Fond du Lac School District about his condition, his need for the medication, and the fact that the medication does not put him at risk of accidents in any way, but the Fond du Lac School District did not want to take part in the interactive process, never offered Plaintiff Paul Faris any reasonable accommodations for his condition, and did not allow him to work.

23. On September 2, 2020, the Fond du Lac School District terminated Plaintiff Paul Faris for "insubordination", even though he had never been "insubordinate" during his tenure, much less had been subjected to corrective action for insubordination.

24. On October 15, 2020, on behalf of Plaintiff Paul Faris, the undersigned counsel served a Notice of Claim on Defendant Fond du Lac School District. *See* **Exhibit C.** This claim was disallowed, by a vote of the Fond du Lac School Board, on December 14, 2020. *See* **Exhibit D.**

## COUNT I – DISABILITY DISCRIMINATION

25. Plaintiff Paul Faris realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

26. Defendant Fond du Lac School District unlawfully discriminated against Plaintiff Paul Faris on the basis of an actual and/or perceived disability when it terminated him on this basis and fostered and/or tolerated disparate treatment against him by its agents. Fond du Lac School District also failed to accommodate Plaintiff's disabilities. This unlawful discrimination was in violation of Plaintiff's rights under the American with

Disabilities Act, 42 U.S.C. §12101, as amended by the American with Disabilities Act Amendments Act of 2008.

27. Defendant Fond du Lac School District treated Plaintiff Paul Faris worse than it treated his non-disabled peers in the terms and conditions of his employment, even though his performance met all of Fond du Lac School District's reasonable expectations of performance, quality, and conduct.

28. Defendant Fond du Lac School District's stated rationale for the termination of Plaintiff Paul Faris' employment is a pretext cloaking a discriminatory *animus*. As mentioned, Plaintiff did not incur in any conduct that could be construed as insubordination.

29. As a direct and proximate cause of Defendant Fond du Lac School District's actions in discriminating against him on the basis of an actual and/or perceived disability, Plaintiff Paul Faris has suffered compensatory damages, including, but not limited to, emotional distress and physical harm, mental anguish, loss of reputation, loss of past wages, loss of future wages, loss of benefits, attorneys' fees, costs, and other expenses as allowed by law.

**COUNT II – AGE DISCRIMINATION**

30. Plaintiff Paul Faris realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

31. Defendant Fond du Lac School District unlawfully discriminated against Plaintiff Paul Faris on the basis of his age when it terminated him on this basis and fostered and/or tolerated disparate treatment against him by its agents. This unlawful discrimination

was in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.), as amended; and 42 U.S.C. §1981.

32. Defendant Fond du Lac School District treated Plaintiff Paul Faris worse than it treated his younger peers in the terms and conditions of his employment, even though his performance met all of Fond du Lac School District's reasonable expectations of performance, quality, and conduct.

33. Defendant Fond du Lac School District's stated rationale for the termination of Plaintiff Paul Faris' employment is a pretext cloaking a discriminatory *animus*. As mentioned, Plaintiff did not incur in any conduct that could be construed as insubordination.

34. As a direct and proximate cause of Defendant Fond du Lac School District's actions in discriminating against him on the basis of his age, Plaintiff Paul Faris has suffered compensatory damages, including, but not limited to, emotional distress and physical harm, mental anguish, loss of reputation, loss of past wages, loss of future wages, loss of benefits, attorneys' fees, costs, and other expenses as allowed by law.

## COUNT III – RETALIATION

35. Plaintiff Paul Faris realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

36. Defendant Fond du Lac School District unlawfully retaliated against Plaintiff Paul Faris for complaining about Fond du Lac School District's unlawful discrimination against him on the basis of disability and age by terminating his employment. This unlawful retaliation was in violation of Plaintiffs' rights under the American with Disabilities Act, 42 U.S.C. §12101, as amended by the American with Disabilities Act Amendments

Act of 2008; and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.), as amended; 42 U.S.C. §1981.

37. Defendant Fond du Lac School District's stated rationale for the termination of Plaintiff Paul Faris' employment is a pretext cloaking a discriminatory *animus*. As mentioned, Plaintiff did not incur in any conduct that could be construed as insubordination. Fond du Lac School District only mentioned this as a basis for the termination of Plaintiff's employment when he complained about being discriminated against because of his arthritis.

38. As a direct and proximate cause of Defendant Fond du Lac School District's actions in retaliating against him, Plaintiff Paul Faris has suffered compensatory damages, including, but not limited to, emotional distress and physical harm, mental anguish, loss of reputation, loss of past wages, loss of future wages, loss of benefits, attorneys' fees, costs, and other expenses as allowed by law.

## COUNT IV – PUNITIVE DAMAGES

39. Plaintiff Paul Faris realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

40. Defendant Fond du Lac School District had been put on notice that Plaintiff Paul Faris believes that Fond du Lac School District unlawfully discriminated and retaliated against him. Plaintiff had also sought to resolve this matter without having to file suit in court, but Fond du Lac School District has ignored these efforts and left Plaintiff no choice but to file suit.

41. Defendant Fond du Lac School District's willful and reckless indifference as to Plaintiff Paul Faris' rights, including its pattern of intentional discrimination and

retaliation against him, entitles Plaintiff to punitive damages. Plaintiff is also entitled to reinstatement to his position with Defendant Fond du Lac School District.

**RELIEF**

WHEREFORE, Plaintiff Paul Faris realleges and incorporates by reference the above paragraphs as if they were fully set forth herein, and respectfully request that this Court:

a. Enter a judgment that Defendant Fond du Lac School District violated the American with Disabilities Act, as amended;

b. Enter a judgment that Defendant Fond du Lac School District violated Title VII of the Civil Rights Act of 1964, as amended;

c. Enter judgment against Defendant Fond du Lac School District and in favor of Plaintiff Paul Faris for compensatory damages;

d. Enter judgment against Defendant Fond du Lac School District and in favor of Plaintiff Paul Faris for monetary relief;

e. Enter judgment against Defendant Fond du Lac School District and in favor of Plaintiff Paul Faris for punitive damages;

f. Order Defendant Fond du Lac School District to reinstate Plaintiff Paul Faris;

g. Award Plaintiff Paul Faris the costs of this action and reasonable attorney's fees; and

h. Grant Plaintiff Paul Faris such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Paul Faris demands trial by a jury of his peers on all issues of fact.

Dated this 29th day of January, 2021.

                                       **CADE LAW GROUP LLC**

                                       By: *s/ Carlos R. Pastrana*
Carlos R. Pastrana
Nathaniel Cade, Jr.
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
carlos@cade-law.com
nate@cade-law.com
Attorneys for Plaintiff Paul Faris